

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) CASE NO. SV 06-12551-KT |
| | ) |
| BRANFORD PARTNERS, LLC, | ) |
| a Nevada limited liability | ) CHAPTER 11 |
| company, formerly Sunquest | ) |
| Development II, LLC, | ) |
| | ) MEMORANDUM ON DEBTOR'S |
| | ) OBJECTION TO CLAIM NO. 37 OF |
| Debtor. | ) PLUTUS ALTERNATIVE STRATEGIES |
| | ) |
| | ) DATE:    January 7, 2008 |
| | ) TIME:    10:00 a.m. |
| | ) PLACE:   Courtroom 301 |
| | )         21041 Burbank Blvd. |
| | )         Woodland Hills, CA |

On June 19, 2007, Branford Partners, LLC, the debtor and debtor in possession in the above-captioned case ("Debtor"), filed a Second Omnibus Objection to Claims (the "Objection") in which the Debtor objected to numerous claims including Claim No. 37 of Plutus Alternative Strategies, LLC ("PAS"). PAS filed an opposition to the Objection on July 18, 2007 (the "Opposition") to which the Debtor replied on July 24, 2007. The matter was continued from time to time thereafter pursuant to stipulation.

Claim No. 37 is based on money loaned under a Promissory Note dated September 17, 2002, pursuant to which "DCM, a California Limited Liability Company ("Maker"), as well as Sunquest Development and Roth Properties Inc." promised to pay PAS $2,970,000 (the "DCM/Sunquest/Roth Note"). Claim No. 37 does not include copies of any other notes.

The Debtor objected to the claim on the ground that the Debtor has no liability under the DCM/Sunquest/Roth Note. The Opposition filed by PAS appears to assert claims under a different note pursuant to which Sunquest Development, LLC ("SQI") promised to pay Genesis L.A. Real Estate Fund, LLC $9,600,000 (the "Genesis Note"). The Opposition states that PAS intends to file an amended proof of claim concurrently with its Opposition.

The Debtor's objection to the proof of claim filed on May 10, 2007, should be sustained because the Debtor does not appear to be an obligor on the note attached thereto and the opposition does not address the Debtor's liability under that note.

No amended proof of claim has been filed. The Debtor's objection should be sustained, without prejudice, as to the argument set forth in the opposition until such time as PAS amends its proof of claim.

The Debtor should not be required to defend against a claim without a clear statement of that claim. In this case, for example, it is not clear whether PAS is asserting a general unsecured claim or, in light of its argument in the opposition, whether PAS asserts priority over other unsecured claims. Although PAS acknowledges, on page 1 of the opposition, that the claim was filed as a "general unsecured claim", PAS also appears to be asserting liability on the part of the Debtor on an obligation described as the "Genesis Note and Deed of Trust." The Debtor counters with the assertion that the Genesis Note and Deed of Trust was converted into equity and, therefore, is not a basis for a general unsecured claim.

Notwithstanding the absence of an amended proof of claim, the Debtor goes on to address PAS's argument for liability based on its construction of the original Operating Agreement and the Second Amendment to the Operating Agreement. The court has addressed the PAS argument in other proceedings before this court and found, without exception, that the distribution provisions to which PAS points govern distributions to the Debtor's members on account of their equity or membership

interests in the Debtor and do not act to give them priority over secured or other general unsecured creditors.

Deep Blue Holdings Ltd. originally joined in the Debtor's objection to the PAS claim and then withdrew its objection pursuant to a stipulation filed in Adv. 07-0119. Although no assignment of the PAS claim appears on the claims register, the court was informed at the hearing that PAS has assigned its claims to Deep Blue. The reasoning set forth in the memorandum filed as docket #34 in litigation between Deep Blue and the Fornaciari parties in Adv. 07-01119 is also applicable to the argument set out in PAS's opposition in this matter.

For the foregoing reasons, the Debtor's objection to the PAS claim is SUSTAINED.

Dated: MAR

_____
Kathleen Thompson
United States Bankruptcy Judge

3

## CERTIFICATE OF MAILING

I hereby certify that copies of the MEMORANDUM ON DEBTOR'S OBJECTION TO CLAIM NO. 37 OF PLUTUS ALTERNATIVE STRATEGIES were mailed to the following parties in interest:

DATED: MAR - 5 2008

JON D. CERETTO
CLERK OF COURT

By: _____
Deputy Clerk

Office of the United States Trustee
21051 Warner Center Lane, #115
Woodland Hills, CA 91367

Daniel J. Weintraub, Esq.
James R. Selth, Esq.
Weintraub & Selth, APC
12424 Wilshire Blvd., Ste. 1120
Los Angeles, CA 90025

Branford Partners, LLC
1601 N. Sepulveda Blvd., #516
Manhattan Beach, CA 90266

David S. Kupetz, Esq.
Sulmeyer Kupetz
333 S. Hope Street, 35th Floor
Los Angeles, CA 90071

John W. Sheller, Esq.
David C. Hunter, Esq.
Hinshaw & Culbertson LLP
11601 Wilshire Blvd., Ste. 800
Los Angeles, CA 90025